IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT L. HILLMAN,**

    **Petitioner,**

    v.

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

    Respondent.

**CASE NO. 2:21-CV-4143
CHIEF JUDGE ALGENON L. MARBLEY
Magistrate Judge Chelsey M. Vascura**

ORDER and
<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. Petitioner has filed a Financial Affidavit which this Court liberally construes as a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 2.) Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED**. Accordingly, **IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d

434, 436-37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief in this Court because his petition is successive. Accordingly, the undersigned **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. In addition, Petitioner's Motion to Stay pending State Court proceedings (ECF No. 3) is **DENIED**.

## I.

Petitioner challenges his February 25, 2014 convictions after a jury trial in the Franklin County Court of Common Pleas on burglary, attempted burglary, receiving stolen property, and theft. The trial court imposed an aggregate term of eighteen years' imprisonment. On December 30, 2014, the state appellate court affirmed the trial court's judgment, but remanded the case for issuance of a *nunc pro tunc* judgment entry correcting a clerical error. *State v. Hillman*, 14AP-252, 14AP-253, 26 N.E.3d 1236 (Ohio App. 10th Dist. 2014). On June 3, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hillman*, 142 Ohio St.3d 1477 (Ohio 2015). Petitioner unsuccessfully pursued post-conviction relief. *See State v. Hillman*, 10th Dist. No. 20AP-244, 20AP-245, 2020 WL 7232098, at *1 (Ohio Ct. App. Dec. 8, 2020) (summarizing post-conviction proceedings). On February 20, 2020, he filed a delayed motion for a new trial. *See id*. The state trial court denied that motion, and on December 8, 2020, the Ohio Court of Appeals affirmed the trial court's judgment. *Id.* On April 27, 2021, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hillman*, 162 Ohio St.3d 1439 (Ohio 2021). Petitioner has filed a Motion for a Stay, indicating that he continues to attempt to exhaust his claims in the state courts. (ECF No. 3.)

On August 10, 2021, Petitioner filed this habeas corpus petition. He asserts that he was denied the effective assistance of counsel during the pre-trial investigative and advisory stages of

litigation (claim one); that he was denied a fair trial based on witness misconduct and perjury by police (claim two); and that the state courts deliberately denied him meaningful access to the courts (claim three).

However, this is not Petitioner's first federal habeas corpus petition.  On June 16, 2015, he filed his first federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging these same convictions. On October 28, 2016, Judgment was entered dismissing that action. *Hillman v. Warden, Chillicothe Corr. Inst.,* Case No. 2:15-cv-2417, 2016 WL 6405584 (S.D. Ohio Oct. 28, 2016).  On June 26, 2017, the Sixth Circuit denied Petitioner's application for a certificate of appealability.  On March 9, 2018, the Court denied Petitioner's motion for reconsideration as a successive. *Hillman v. Warden, Chillicothe Correctional Inst.*, Case No. 2:15-cv-2417, 2018 WL 1224512 (S.D. Ohio Mar. 9, 2018).  On July 12, 2018, the Sixth Circuit denied Petitioner's application for a certificate of appealability.  On March 25, 2020, Petitioner filed a second federal habeas corpus petition.  On April 16, 2020, the Court transferred that action to the United States Court of Appeals for the Sixth Circuit as successive. *Hillman v. Warden, Allen Corr. Inst.*, No. 2:20-cv-1544 (S.D. Ohio Apr. 16, 2020).  On July 27, 2020, the Sixth Circuit denied authorization for the filing of a successive habeas corpus petition.  Thus, this action plainly constitutes a successive habeas corpus petition.

## II.

Before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of

habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id.*

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a prima facie showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims*:

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47.

### III.

For the reasons set forth above, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

In addition, Petitioner's request to proceed in forma pauperis (ECF No. 2) is **GRANTED**, and his Motion to Stay pending State Court proceedings (ECF No. 3) is **DENIED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED.**

>*/s/ Chelsey M. Vascura*
>CHELSEY M. VASCURA
>UNITED STATES MAGISTRATE JUDGE