# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **ROBERT L. HILLMAN,** : | |
| Petitioner, : | Case No. 2:21-cv-4143 |
| - vs - : | Chief Judge Algenon L. Marbley |
| : | Magistrate Judge Chelsey M. Vascura |
| **TIM SHOOP, Warden,** | |
| Chillicothe Correctional Institution, : | |
| Respondent. : | |

## OPINION AND ORDER

This habeas corpus action, brought *pro se* by Petitioner Robert Hillman under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 5) to the Magistrate Judge's Report and Recommendations recommending this case be transferred to the United States Court of Appeals under 28 U.S.C. § 2244(b)(ECF No. 4).

Magistrate Judge Vascura noted that Petitioner has twice before sought habeas corpus relief in this Court from his 2014 convictions on theft-related offenses in the Franklin County Court of Common Pleas: once in Case No. 2:15-cv-2417 and once in Case No. 2:20-cv-5144. The first case was dismissed and the Sixth Circuit denied a certificate of appealability. The second case was transferred to the Sixth Circuit as second or successive and that court refused Hillman permission to proceed. *In re: Robert Hillman,* Case No. 20-3426 (6th Cir. Jul. 27, 2020).

Based on those findings, Magistrate Judge Vascura concluded Petition was a second or successive habeas application over which this Court does not have jurisdiction (Report, ECF No. 4, PageID 36, citing *Burton v. Stewart*, 549 U.S. 147 (2007); *see also Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).

1

Petitioner's Objections agree that the Report is technically correct that this is a successive petition (Objections, ECF No. 5, PageID 40). He says, however, that that is because this Court incorrectly dismissed his first petition. *Id.* He then argues at length the merits of his first petition.

Prior to adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), there was no bar to second or subsequent habeas petitions. However, when Congress enacted 28 U.S.C. § 2244(b), it did not provide an exception for cases where a prior petition was arguably decided incorrectly. Indeed, such an exception would make the screening of second petitions useless. If the Court were to keep the case and then even if it were to decide the case in Petitioner's favor, the judgment would be void because entered without jurisdiction. Absent permission from the circuit court, this Court has no authority (jurisdiction) to consider the merits of Petitioner's case.

Accordingly, the Magistrate Judge's Report is ADOPTED, the Petitioner's Objections are OVERRULED, and the Clerk is ordered to transfer this case to the Sixth Circuit Court of Appeals for its consideration under 28 U.S.C. § 2244(b).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: October 26, 2021**